UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

MICHAEL DOUGLAS JOHNSON,

      Petitioner,

v.                                    Case No.  5:15cv272/MP/CJK

JULIE L. JONES,

      Respondent.

_____/

## REPORT AND RECOMMENDATION

Before the court is an amended petition for writ of habeas corpus filed under 28 U.S.C. § 2254.  (Doc. 4).  Respondent moves to dismiss the petition, attaching relevant portions of the state court record.  (Doc. 11).  Petitioner opposes dismissal and requests a stay and an evidentiary hearing.  (Doc. 14).  The matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B).  After careful consideration of all issues raised by petitioner, the undersigned concludes that no evidentiary hearing is required for the disposition of this matter.  Rule 8(a) of the Rules Governing Section 2254 Cases in the United States District Courts.  The undersigned further concludes

that a stay is not warranted, and that the pleadings and attachments before the court show that petitioner is not entitled to habeas relief.

## BACKGROUND AND PROCEDURAL HISTORY

On January 26, 2011, petitioner was charged in Washington County Circuit Court Case Number 11-CF-43, with willfully fleeing or attempting to elude a law enforcement officer in a marked police car. (Doc. 11, Ex. A, p. 1).[1]  The information alleged that on or about January 15, 2011, petitioner willfully fled or attempted to elude a law enforcement officer who was in an authorized law enforcement patrol vehicle with agency insignia and other jurisdictional markings prominently displayed on the vehicle, and with siren and lights activated, in violation of Fla. Stat. § 316.1935(2).  (Ex. A, p. 1).  The allegations of the information were based on facts described in the officer's sworn arrest report.  (Ex. A, pp. 2-4).  On October 6, 2011, petitioner, represented by counsel, executed a written plea agreement wherein he agreed to plead no contest to the charge.  (Ex. A, pp. 6-7).  The plea agreement stated that petitioner would be adjudicated guilty of the charge and placed on probation for five years.  (*Id*.).  Petitioner acknowledged by signing the agreement that he was advised of the nature of the charge; that he had sufficient time to discuss it with his attorney; and that he was satisfied with the services and advice of his attorney.

---

[1] All references to exhibits are to those provided at Doc. 11.

Petitioner also affirmed that he felt his plea was in his best interest; that he understood the constitutional rights he was waiving by entering the plea; and that his plea was entered freely and voluntarily.   In addition, petitioner affirmed his understanding that his plea was made without reservation of the right to appeal the judgment, including guilt or innocence, and that the only basis upon which he could appeal was an illegal sentence.   Petitioner also agreed that the State could prove a prima facie case.   Lastly, petitioner acknowledged that he had been orally informed in open court of the legal rights outlined in the agreement and other information contained therein.  (Ex. A, pp. 6-7).  The trial court approved the plea agreement and accepted petitioner's plea, determining that it was freely and voluntarily made.  (Ex. A, p. 7).  By probation ordered entered October 14, 2011, (nunc pro tunc to October 6, 2011), the court adjudicated petitioner guilty of the offense, withheld the imposition of sentence, and placed petitioner on probation for five years.  (Ex. A, p. 10).  The order outlined the conditions of petitioner's probation.  (*Id*., pp. 10-11).  Petitioner did not appeal.  (Doc. 4, p. 1; Doc. 11, Ex. PD-1).

On May 20, 2015, petitioner's probation officer filed a violation report and affidavit alleging that petitioner violated Condition 3 (requiring petitioner to not leave the county of his residence without first procuring his probation officer's consent) and Condition 5 (requiring petitioner to live without violating any law), by

leaving his county of residence without his probation officer's consent and being arrested for a new law violation of resisting a law enforcement officer without violence. (Ex. A, pp. 12-17).  A VOP warrant was issued, and petitioner was arrested on September 30, 2015.  (Ex. A, pp. 18, 20).  A first appearance was held October 1, 2015, at which the court determined there was probable cause for petitioner's detention.  (Ex. A, p. 19).

On October 9, 2015, petitioner filed a motion to correct illegal sentence under Florida Rule of Criminal Procedure 3.800(a), challenging his October 6, 2011 conviction on the grounds that the State failed to establish a prima facie case that he fled or attempted to elude a law enforcement officer, because the arrest report did not allege he caused the pursuing officer to engage in a high-speed vehicle pursuit. (Ex. A, pp. 21-23).  The motion was dismissed on December 21, 2015, with the following explanation:  "The Defendant's motion is facially insufficient to warrant relief.  _See Baker v. State_, 714 So. 2d 1167 (Fla. 1st DCA 1998)."  (Ex. A, p. 33). The dismissal was without prejudice "to the defendant's right, if any, to file a facially sufficient motion for consideration on the merits with this Court."  (_Id._).

In the meantime, on October 19, 2015, petitioner filed his original federal habeas petition in this court challenging his 2011 conviction for willfully fleeing or attempting to elude a law enforcement officer in a marked police car, asserting two

grounds:  (1) the State failed to establish that he caused the pursuing officer to engage in a high-speed vehicle pursuit, which was necessary for his conviction; and (2) the charging information was insufficient to support his conviction because it did not allege facts suggesting he caused the deputy to engage in a high-speed vehicle pursuit.  (Doc. 1, p. 3).  Petitioner noted that he had a violation of probation hearing scheduled for November 2, 2015.  Petitioner filed his amended § 2254 petition on November 4, 2015, again asserting that he was challenging his 2011 conviction on the two grounds described above.  (Doc. 4).  In addressing the timeliness of his petition, petitioner asserted that he only recently discovered that his conviction required a high-speed vehicle pursuit, and that had his trial counsel exercised due diligence and researched the law, counsel would have discovered this deficiency and the state court "would of not imposed an illegal sentence".  (Doc. 4, p. 13).

On December 7, 2015, petitioner, represented by counsel, executed a written plea agreement whereby he admitted violating his probation on the 2011 conviction. (Doc. 11, Ex. A, p. 29).  The agreement provided that the disposition of the VOP would be petitioner's placement on community control for two years and completion of an inpatient substance abuse treatment program.  (*Id*.).  That same date, petitioner appeared at a VOP hearing wherein he admitted the probation violation.  (Ex. A, pp. 27, 29).  In orders issued December 16, 2015, (nunc pro tunc to December 7, 2015),

the court adjudicated petitioner guilty of the probation violation, revoked petitioner's probation, withheld the imposition of sentence, and placed petitioner on community control for two years.  (Ex. A, pp. 30-32).  Petitioner did not appeal.  (Ex. PD-1).

Respondent moves to dismiss this case on three bases:  lack of jurisdiction, procedural default, and waiver.  (Doc. 11).

## DISCUSSION

Jurisdiction

Respondent's first basis for dismissal states:

> Respondent emphasizes that Johnson's more recent judgment was imposed December 16, 2015.  His amended petition was filed November 4, 2015; about 6 weeks earlier.  The amended petition cannot be attacking his current judgment and sentence.  For this reason alone, the amended petition should be dismissed.

(Doc. 11, p. 3).  Although unclear, respondent appears to challenge this court's jurisdiction either on the grounds that petitioner fails to satisfy the "in custody" requirement, or that his petition is moot.

A federal district court may entertain a habeas corpus petition only from a petitioner "in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3); *see also* 28 U.S.C. § 2254(a).  The "in custody" requirement is jurisdictional.   *Stacey v. Warden, Apalachee Corr. Inst*., 854 F.2d 401, 403 (11th Cir. 1988).  The "in custody" requirement means that "the habeas

petitioner [must] be 'in custody' under the conviction or sentence under attack <u>at the time his petition is filed</u>."  *Maleng v. Cook*, 490 U.S. 488, 490-91, 109 S. Ct. 1923, 104 L. Ed. 2d 540 (1989) (emphasis added).  "Generally, if the petitioner's state sentence has fully expired, he does not meet the 'in custody' requirement."  *Green v. Price*, 439 F. App'x 777, 781 (11th Cir. 2011) (*citing Maleng* at 492).

At the time petitioner filed his original habeas petition on October 19, 2015, he was "in custody" under his October 6, 2011 conviction and probation order.  *See Duvallon v. Florida*, 691 F.2d 483, 485 (11th Cir. 1982) ("In the context of habeas proceedings, the 'in custody' requirement may . . . be met where a petitioner is on probation, parole or bail." (citations omitted)).  Petitioner's probationary period had not expired or otherwise terminated.  To the contrary, petitioner was confined in the Washington County Jail on a charge that he had violated that probation.  Petitioner satisfies the "in custody" requirement for federal habeas jurisdiction.

The court also disagrees with the suggestion that the petition, or any claims therein, are moot.  "To invoke the jurisdiction of a federal court, a litigant must have suffered, or be threatened with, an actual injury . . . likely to be redressed by a favorable judicial decision."  *Lewis v. Cont'l Bank Corp*., 494 U.S. 472, 477, 110 S. Ct. 1249, 108 L. Ed. 2d 400 (1990).  When the injury for which a litigant seeks judicial redress is resolved or disappears prior to the court's decision, there is no

longer an Article III case or controversy, and the case is moot. *See Burke v. Barnes*, 479 U.S. 361, 363, 107 S. Ct. 734, 93 L. Ed. 2d 732 (1987); *Los Angeles Cnty. v. Davis*, 440 U.S. 625, 631, 99 S. Ct. 1379, 59 L. Ed. 2d 642 (1979) (holding that a case is moot when the issues presented are no longer "live" or the parties lack a legally cognizable interest in the outcome of the litigation, such as where there is no reasonable expectation that the violation will occur again or where interim relief or events have eradicated the effects of the alleged violation); *Mattern v. Sec'y for Dep't of Corr.*, 494 F.3d 1282, 1285 (11th Cir. 2007) ("[A] habeas petitioner who has been released from imprisonment subsequent to his filing a § 2254 petition must establish that his petition still presents a case or controversy under Article III, § 2, of the United States Constitution, and therefore is not moot."). In *Spencer v. Kemna*, 523 U.S. 1, 118, S. Ct. 978, 140 L. Ed. 2d 43 (1998), the Supreme Court explained how the mootness doctrine applies to habeas challenges to an underlying criminal conviction:

> An incarcerated convict's (or a parolee's) challenge to the validity of his conviction always satisfies the case-or-controversy requirement, because the incarceration (or the restriction imposed by the terms of the parole) constitutes a concrete injury, caused by the conviction and redressable by invalidation of the conviction. Once the convict's sentence has expired, however, some concrete and continuing injury other than the now-ended incarceration or parole – some "collateral consequence" of the conviction – must exist if the suit is to be maintained. *See, e.g., Carafas, supra*, at 237-238, 88 S. Ct., at 1559-60. In recent decades, we have been willing to presume that a wrongful

criminal conviction has continuing collateral consequences (or, what is effectively the same, to count collateral consequences that are remote and unlikely to occur).  *See Sibron v. New York*, 392 U.S. 40, 55-56, 88 S. Ct. 1889, 1898-99, 20 L. Ed. 2d 917 (1968).

523 U.S. at 7-8 (*citing Carafas v. LaVallee*, 391 U.S. 234, 88 S. Ct. 1556, 20 L. Ed. 2d 554 (1968)).

Petitioner's objective in bringing this action is to obtain relief from his 2011 conviction for willfully fleeing or attempting to elude a law enforcement officer in a marked police car.  The entry of the 2015 community control order, which supersedes the 2011 probation order, does not render petitioner's challenge to his underlying conviction moot, because "the ongoing collateral consequences of a wrongful conviction, such as the possible enhancement of a later criminal sentence on the basis of the earlier wrongful conviction, satisfy the case-or-controversy jurisdictional requirement of Article III of the Constitution."  *Jamerson v. Sec'y for Dep't of Corr.*, 410 f.3d 682 (11th Cir. 2005) (*citing Spencer*, 523 U.S. at 7-8).  In other words, although petitioner's probation was revoked and the probation order superseded by the community control order, petitioner's 2011 conviction, which presumably bears continuing collateral consequences, remains intact.

Procedural Default and Waiver

Respondent's second basis for dismissal is that petitioner's claims challenging the sufficiency of the evidence and the factual basis for his 2011 plea and conviction

are unexhausted and procedurally defaulted, because petitioner did not take a direct appeal from the original order of probation or the later order of community control. (Doc. 11, pp. 4-5). Respondent's third basis for dismissal is that both of petitioner's claims were waived by entry of his no contest plea to the original charge and his admission to the VOP violation. (*Id.*, p. 5). The court need not decide either of these issues because, as explained below, petitioner's claims fail on the merits. *See* 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.").

<u>Merits</u>

Petitioner claims his conviction for willfully fleeing or attempting to elude a law enforcement officer in a marked police car is unconstitutional because (1) "the State failed to establish that he caused the pursing [sic] officer to engage in a high-speed vehicle pursuit", and (2) "the facts contained in the charging information were insufficient to establish that he caused the deputy to engage in a high-speed vehicle pursuit." (Doc. 4, pp. 5-6). Petitioner's claims are based on the erroneous premise that an element of his crime was that he caused the pursuing officer to engage in a high-speed vehicle pursuit. Petitioner is incorrect as a matter of law.

Petitioner was charged and convicted of violating Fla. Stat. § 316.1935(2)

(2011), a third degree felony.  That section provides:

> (2)   Any person who willfully flees or attempts to elude a law
> enforcement officer in an authorized law enforcement patrol vehicle,
> with agency insignia and other jurisdictional markings prominently
> displayed on the vehicle, with siren and lights activated commits a
> felony of the third degree, punishable as provided in s. 775.082, s.
> 775.083, or s. 775.084.

Fla. Stat. § 316.1935(2) (2011).  Causing the pursuing officer to engage in a high-

speed vehicle pursuit was not an element of the crime at the time petitioner

committed his offense in 2011.  *See Koch v. State*, 39 So. 3d 464, 465 (Fla. 2d DCA

2010) (reciting the elements of the offense); *see also* In re Standard Jury Instructions

in Criminal Cases – Report No. 2011-01, 73 So. 3d 136, 138 (Fla. 2011) (standard

jury instruction on the elements of petitioner's offense).   The case on which

petitioner relies to support his claims (*see* doc. 4, p. 15), is *Beree v. State*, No. 1D99-

1827, 755 So. 2d 783 (Fla. 1st DCA 2000).  *Beree*, however, involved a defendant's

conviction under a <u>prior</u> version of the statute, which read:

> (2) Any person who, in the course of unlawfully fleeing or attempting
> to elude a law enforcement officer in an authorized law enforcement
> patrol vehicle with agency insignia and other jurisdictional markings
> prominently displayed on the vehicle with siren and lights activated
> pursuant to subsection (1), having knowledge of an order to stop by a
> duly authorized law enforcement officer, <u>causes the law enforcement
> officer to engage in a high-speed vehicle pursuit</u> commits a felony of
> the third degree, punishable as provided in Sec. 775.082, Sec. 775.083,
> or Sec. 775.084.

Fla. Stat. § 316.1935(2) (1997) (emphasis added); *see also Beree*, 755 So. 2d at 783 (identifying the version of the statute under which Beree was convicted as "section 316.1935(2), Florida Statutes (1997)").   The emphasized element had been removed from Fla. Stat. § 316.1935(2) by the time petitioner committed his crime in 2011. As both of petitioner's claims are without merit, his habeas petition should be denied.

Petitioner's requests for a stay and an evidentiary hearing

Petitioner's response to the motion to dismiss requests a stay and an evidentiary hearing.  Neither a stay nor an evidentiary hearing is warranted, because petitioner's claims fail as a matter of law even if the court accepts as true his allegation that neither the arrest report nor the charging document alleged that he caused the officer to engage in a high-speed vehicle pursuit.  *See Rhines v. Weber*, 544 U.S. 269, 277, 125 S. Ct. 1528, 161 L. Ed. 2d 440 (2005) (setting forth a three-part test for determining whether a stay is appropriate, one of which requires a showing that the petitioner's claims are "potentially meritorious"); *see also Schriro v. Landrigan*, 550 U.S. 465, 474, 127 S. Ct. 1933, 167 L. Ed. 2d 836 (2007) ("In deciding whether to grant an evidentiary hearing, a federal court must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief.").

## CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides: "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  If a certificate is issued, "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."  A timely notice of appeal must still be filed, even if the court issues a certificate of appealability.  Rule 11(b), Rules Governing Section 2254 Cases.

The petitioner in this case fails to make a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000) (explaining the meaning of this term) (citation omitted).  Accordingly, the court should deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides:  "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."  Rule 11(a), Rules Governing Section 2254 Cases.  If there is an objection to this recommendation by either party, that party may bring such argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is respectfully RECOMMENDED:

1.  That the amended petition for writ of habeas corpus (doc. 4), challenging petitioner's conviction for willfully fleeing or attempting to elude a law enforcement officer in a marked police car, in Washington County Circuit Court Case No. 11-CF-43, be DENIED.

2.  That the clerk be directed to close the file.

3.  That a certificate of appealability be DENIED.

At Pensacola, Florida this 9th day of May, 2016.

/s/ *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

<u>NOTICE TO THE PARTIES</u>

Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon the magistrate judge and all other parties.   A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.  *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.